UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Jannery A. Lara

   v.                                  Civil No. 08-cv-362-SM

New Hampshire Department of
Health and Human Services

**O R D E R**

Pro se plaintiff Jannery Lara has filed a complaint (document no. 1) alleging that her former employer, the New Hampshire Department of Health and Human Services ("DHHS"), and employees thereof, discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Plaintiff alleges she was subjected to the wrongful denial of promotions and other adverse employment actions at DHHS because she is Hispanic. Because Lara is proceeding pro se and in forma pauperis, the complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). For the reasons stated below, I find that

plaintiff has alleged a claim for employment discrimination based on race under Title VII, and I direct that this action proceed.

## Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.

This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Jannery Lara formerly worked as a secretary at the DHHS in its Juvenile Justice Department ("JJD"). While there, Lara became interested in obtaining a higher position within the JJD as a Juvenile Probation and Parole Officer ("JPPO"). Lara made it known to a number of management employees, as well as other staff members, that she intended to return to school in order to gain the appropriate educational background for a position as a JPPO. Lara claims that, as soon as she announced her ambitions to her coworkers, her work environment became hostile. Lara cites a number of examples of the hostility which existed in her work environment.

Lara asserts that some of her coworkers did not want to speak to her because of her accent and Hispanic appearance. Lara asserts that many employees at the DHHS discriminate against Hispanic people. Lara claims that supervisors conducting interviews are particularly discriminatory. Lara names Jennifer Ross, who conducted a first interview with Lara, looked at her with disgust, ostensibly due to her Hispanic appearance. Some of

Lara's coworkers, she claims, behaved inappropriately and enviously due to the possibility that she would excel before other, presumably non-Hispanic employees.

Lara states that her supervisors trained two other secretaries on the use of a particular custom database, while delaying her own training for two years, forcing her to plead to be trained.  Lara asserts that the delay was intended to make her look stupid and unprepared to answer questions or be able to produce essential reports, thereby hurting her employment stature and reputation among coworkers.

Lara complains that an Executive Secretary falsely accused her of not knowing how to do simple functions of her job, such as filing.  The Executive Secretary also consistently spoke to her in a disrespectful tone and treated her like a servant in front of her coworkers.  Lara advised management of the treatment she was receiving from the Executive Secretary and asked her supervisors to interfere and clarify the misunderstanding.  Lara states that she had to send several messages to both of her supervisors before the matter received any attention.  Lara states that while management at her office was always aware of

conflict between coworkers, that when the conflict involved her, management never dealt with the matter in a timely fashion.

One JPPO who worked in the JJD, who is now a supervisor, instigated other JPPOs not to use Lara to do their secretarial work.  Lara claims this was designed to make her feel as though she was not needed.  The same JPPO would whisper hostile comments to Lara, such as: "You are out of here" and "son of a bitch."  This individual also fabricated a story that money had been taken from the office so that she could point an accusatory finger at Lara for the theft, which she did by whispering to Lara "I am calling the police."  This JPPO, Lara claims, never addressed her or spoke to her in the office, although she spoke to the other secretaries, until Lara complained about her conduct to the JPPO's supervisor, after which the JPPO made some effort to acknowledge and address Lara.

Lara, while she was at the DHHS, was interested in applying for a number of positions, but the Human Resources Department would not certify her as qualified for those positions because she held a Bachelor of Arts degree, rather than a Bachelor of Science degree.  While she was at the DHHS, Lara obtained her Master of Science degree.  The Human Resources Department then

refused to certify her as qualified for the jobs she was interested in, as a JPPO, child protective services worker, or child support officer, because she lacked experience. Lara claims that her experience as a secretary in the JJD office was not considered adequate. Lara attempted to contact people within DHHS to find out what she had to do to obtain relevant experience, but no one would provide her with an answer or direct her to anyone who could. Lara asked the JJD supervisor if she could shadow a JPPO in order to gain experience, and was told that the supervisor would speak with Lara's supervisor. When Lara broached the subject with her own supervisor, proposing to shadow a JPPO and make up any work time missed during her own time, she never got a response. Lara also attempted to obtain an internship with the New Hampshire Department of Children, Youth, and Families, or within the JJD, but was told that her position as a secretary at the JJD created a conflict of interest.

   Lara claims that after she was denied a position as a JPPO, DHHS and JJD management continued to treat her poorly by moving her to another office, where her daily workload was delivered to her by her supervisor and picked up by another employee. This

arrangement was intended to prevent Lara from having contact with other JJD staff members.

Due to the hostility and difficulty she was experiencing at work, Lara became ill. Her physician removed her from work for a month and a half due to her work-related anxiety and depression and instructed her to seek mental health counseling. While she was out on sick leave, DHHS denied Lara sick pay or Worker's Compensation, deeming her absence due to emotional stress and personal conflicts, and therefore not meeting the criteria for those types of compensation.

Lara apparently filed a formal discrimination charge with the United States Department of Justice's Civil Rights Division, which was denied. Lara asserts that she received a "right to sue" letter from that agency dated June 16, 2008. Lara has not provided this Court with any documents submitted to the agency, a copy of any decision rendered by the agency, or the date she filed charges there.[1]

---

[1] There is an exhaustion requirement in Title VII suits, which requires the allegedly aggrieved employee to timely file administrative charges, and then, if the complaint is resolved against the employee, to file suit in an appropriate United States District Court within 90 days fo the receipt of a "right to sue" letter. Exhaustion is mandatory, but not jurisdictional. See Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005). Accordingly, while the complaint does not contain sufficient

Discussion

The premise of plaintiff's Title VII action is that employees of the defendant agency discriminated against her because she is Hispanic, by creating a hostile work environment, failing to timely address and resolve the hostile work environment on a management level, denying her promotions or desirable positions within the agency, and taking adverse actions in her work environment in order to deprive her of contact with other staff members.  Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  A Title VII plaintiff may establish discrimination by introducing either direct evidence of discrimination or circumstantial evidence supporting an inference of discrimination.  See Johnson v. Kroger Co., 319 F.3d 858, 864-65 (6th Cir. 2003).  In the instant case, Lara has not asserted any facts alleging overt discrimination.  That alone will not, at

---

information to enable me to determine whether this action has been exhausted, this does not prevent me from allowing this action to proceed, subject to later being defended on exhaustion grounds, if appropriate.

this stage of the proceedings, prevent this action from going forward.

In <u>Swierkiewicz v. Sorema N.A.</u>, the Supreme Court held that, to allege a Title VII claim, a complaint must include only the "short and plain statement of the claim showing that the pleader is entitled to relief" required by Fed. R. Civ. P. 8(a)(2), and "must simply give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  534 U.S. 506, 512 (2002) (internal citations omitted); <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61, 66 (1st Cir. 2004) (acknowledging that <u>Swierkiewicz</u> governs the pleading requirements of Title VII cases in the First Circuit).

In this action, Lara asserts that her employer discriminated against her with respect to the terms and conditions of her employment because of her race.  To support these allegations, she states that coworkers avoided talking to her due to the fact that she was Hispanic, resulting in certain hostile and adverse acts by her supervisors, coworkers, and people who interviewed her for better positions within the agency.  In addition, the negative feelings Lara alleges her coworkers had about her potential for success that motivated the adverse actions taken

against Lara, were fueled by racial discrimination.  These allegations contain the minimum facts necessary to assert a Title VII claim upon which relief might be granted.  Accordingly, I will direct that this action proceed.

## Conclusion

Without commenting on the merits of the complaint, I find that Lara has stated a claim upon which relief may be granted.  Accordingly, I order that the complaint be served on defendant DHHS.  My review of the file indicates that Lara has completed a summons form in this matter.  The Clerk's office is directed to issue the summons against defendant and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of the complaint (document no. 1), and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendant.  See Fed. R. Civ. P. 4(c)(2).

Defendant is instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Lara is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

the defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:  February 6, 2009

cc:    Jannery A. Lara, pro se